**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:10cv16**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFAULT JUDGMENT** |
| | ) | **OF FORFEITURE** |
| **15 TRIMONT LAKE ROAD,** | ) | |
| **FRANKLIN, MACON COUNTY,** | ) | |
| **NORTH CAROLINA, Deed Book** | ) | |
| **G-16, Page 125, Macon County** | ) | |
| **Registry, being real property,** | ) | |
| **County, North Carolina, being real** | ) | |
| **property, together with the** | ) | |
| **residence, and all appurtenances,** | ) | |
| **improvements, and attachments** | ) | |
| **thereon,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment of Forfeiture [Doc. 26].

**I.     PROCEDURAL AND FACTUAL HISTORY**

The defendant property is owned by Dorothy Jean Lequire and Donald Kenneth Lequire by virtue of a deed dated March 18, 1985, and recorded at

Book G-16, page 125, of the Macon County Registry. [Verified Complaint, Doc. 1 at ¶8]. The Lequires have resided at the defendant property continuously for at least ten years. [Id. at ¶9]. Since 2005, an individual named Peter Civitello also has resided at the property. [Id. at ¶10].

Donald Kenneth Lequire was convicted of the sale and delivery of marijuana on April 30, 2001, in North Carolina Superior Court. [Id. at ¶11]. Dorothy Jean Lequire was convicted of possession with intent to sell and deliver marijuana on November 3, 2000 and felony possession of methamphetamine on September 15, 2005, in North Carolina Superior Court. [Id. at ¶12]. The acts underlying these convictions occurred in part at the defendant property. [Id. at ¶¶13, 14].

On April 9, 2006, Richard Meisters was found unresponsive at the defendant property. [Id. at ¶15]. When officers and EMS arrived, Peter Civitello was present at the residence. [Id. at ¶16]. Meisters was pronounced dead at the scene. A subsequent toxicology report concluded that Meisters died as a result of an overdose of fentanyl. [Id. at ¶17].

On November 12, 2009, officers responded to a 911 call from a neighbor of the defendant property. [Id. at ¶18]. When officers arrived, they found Donna Dodgins in the yard. She stated that she was staying at the residence and that an unknown Hispanic male had loaded a syringe and shot

her up. [Id. at ¶19]. A toxicology report subsequently confirmed that Dodgins was under the influence of methamphetamine. [Id. at ¶20].

On February 20, 2010, officers arrived at the defendant property and found William Mathis Jr. unresponsive. [Id. at ¶21]. Donald Kenneth Lequire was present at the residence at the time. [Id. at ¶22]. Mathis was transported to a local hospital where he was pronounced dead. A subsequent toxicology report concluded that the cause of Mathis's death was a drug overdose and that the drugs in his system were diazepam, fentanyl, methamphetamine, and alprazolam. [Id. at ¶¶23, 24].

Additionally, in March and April 2010, a confidential informant who was cooperating with detectives with the Macon County Sheriff's Office conducted a series of purchases of controlled substances at the defendant property from Dorothy Lequire and Peter Civitello. [Id. at ¶¶25-34].

On June 1, 2010, the Plaintiff initiated this civil *in rem* action for forfeiture pursuant to 18 U.S.C. §§ 981, 983, 985, and 21 U.S.C. § 881. [Id.]. Notice of this action was personally served on Donald Kenneth Lequire, Dorothy Lequire, David Pate, and Peter Civitello on June 4, 2010. [Certificate of Service, Doc. 4]. Public notice of this forfeiture was posted in the lobby of the Macon County Courthouse [Certificate of Service, Doc. 8], as well as on an official government internet site, www.forfeiture.gov, for at least 30

consecutive days beginning on June 30, 2010. [Doc. 18-1]. There were no claims or answers filed in this matter.

The Plaintiff has filed a Settlement Agreement with potential claimant Macon Savings Bank, Inc. ("Macon Savings Bank") reflecting their agreement to settle Macon Savings Bank's interest in the real property. [Doc. 9].

On the Plaintiff's motion, the Clerk of Court entered default on January 12, 2011 as to all persons and entities except for Macon Savings Bank. [Doc. 23]. The Plaintiff now moves for entry of a default judgment of forfeiture against the defendant property. [Doc. 26].

**II.     DISCUSSION**

No party or entity has filed a claim or answer in this civil forfeiture action as is required by Rule G(5)(a) and (b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, and default has been entered as to all persons and entities, with the exception of Macon Savings Bank. The Court therefore finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate.

# J U D G M E N T

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Judgment of Forfeiture [Doc. 26] is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities in the world with respect to the following defendant property:

> **15 Trimont Lake Road, Franklin, Macon County, North Carolina, Deed Book G-16, Page 125, Macon County Registry, being real property, together with the residence, and all appurtenances, improvements, and attachments thereon.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any right, title and interest of all persons in the world in or to the defendant property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein, with the exceptions of the previously docketed interests of Macon Savings Bank, whose interest has been recognized by the United States.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited defendant property as provided by law.

**IT IS SO ORDERED.**

Signed: January 27, 2011

Martin Reidinger
United States District Judge